**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL ACTION** |
| v. | NO. 17-00449-2 |
| NASIR THOMPAS | |

**PAPPERT, J.**                                                    **December 14, 2020**

## <u>MEMORANDUM</u>

Nasir Thompas moves for compassionate release or sentence reduction.  The Court denies the Motion because there are no extraordinary and compelling reasons warranting a reduction in his sentence and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting him relief.

I

A

Thompas is twenty-three years old and in good health.  (Gov't Resp. 3, ECF No. 112.)  On June 6 and 12, 2017, he robbed two convenience stores while wearing a mask and armed with a pistol he stole from his mother and stepfather.  (*Id.* at 1–2.)  During the first robbery, he put the gun to the store clerk's head and threatened to kill him. (*Id.* at 1.)  While robbing the second store, he beat the clerk with the gun.  (*Id.* at 2.)  A jury convicted him of two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  (Jury Verdict Form, ECF No. 62); (Gov't Resp. 2).

On July 18, 2018, the Court sentenced Thompas to 441 months of imprisonment, consisting of two concurrent fifty-seven-month terms for his Hobbs Act violations and consecutive eighty-four- and 300-month terms for his § 924(c) violations.  (Judgment 2,

ECF No. 76)  Both the eighty-four and 300-month terms were mandatory minimum sentences under 18 U.S.C. § 924(c).  *See* (Gov't Sentencing Mem. 1–2, ECF No. 73).

B

On August 10, 2020, Thompas filed a Motion seeking compassionate release or sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  *See generally* (Mot. for Release, ECF No. 107).  Thompas argues that his sentence should be lowered because he would have received a lesser sentence under current law.  (*Id.* at 7.)  In § 403 of the First Step Act, enacted on December 21, 2018, Congress eliminated the 300-month mandatory minimum sentence for second or subsequent § 924(c) violations for offenders without a prior final § 924(c) conviction.  *See* (*id.*); *see also* First Step Act of 2018, Pub. L. No. 115-391 § 403(a) (2018).  Thompas believes Congress's § 924(c) amendment provides an extraordinary and compelling reason for his compassionate release or sentence reduction because he had never been convicted of a § 924(c) violation before his sentencing.  (Mot. for Release 7, 9.)  Thompas filed an administrative request for compassionate release at FCC Hazelton for the same reason articulated in his Motion on June 1, 2020.  (*Id.* at 3.)  His request was denied.  (*Id.*)

The Government contends that "Congress expressly declined to extend the benefit of the amended Section 924(c) to defendants like Thompas."  (Gov't Resp. 5.) The First Step Act was enacted after Thompas's sentencing and § 403(b) of the First Step Act provides that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  (*Id.* at 5 (quoting First Step Act, Pub. L. No. 115-391 § 403(b)).)  While acknowledging that

2

Thompas's guideline range would be 225 to 239 months under current law, the Government asserts his "request is, at best, grossly premature." (Gov't Resp. 3–5.) Thompas has "served only a fraction of the sentence he would receive today" and "far less than warranted under any assessment for the violent crimes he committed." (*Id.* at 5, 7–8.) The § 3553(a) sentencing factors do not support reducing his sentence. (*Id.* at 4.)

## II

A district court may reduce a defendant's sentence if (1) "extraordinary and compelling reasons warrant" a reduction; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the sentencing factors set forth in § 3553(a), to the extent they are applicable, warrant a reduction.[1]  18 U.S.C. § 3582(c)(1)(A).  Relevant § 3553(a) sentencing factors include, among others, "the nature and circumstances of the offense" as well as the need for the sentence to "reflect the seriousness of the offense," provide "just punishment for the offense" and "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1), (2)(A).

Thompas's request is premature.  The approximately forty-two months Thompas has served thus far amounts to an unacceptably small percentage of his sentence. Releasing Thompas at this time would fly in the face of the nature and circumstances of

---

[1]    Defendants may seek compassionate release after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) (per curiam) (18 U.S.C. § 3582(c)(1)(A) enumerates two independent options for defendants to meet the exhaustion requirement).  Thompas has met § 3582(c)(1)(A)'s exhaustion requirement because more than thirty days lapsed between his request to the FCC Hazelton warden and his Motion.

his very serious violent offenses and fail to promote respect for the law or provide just punishment.  *See* 18 U.S.C. § 3553(a)(1), (2)(A); *see also United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) ("[T]he time remaining in [an individual's] sentence may . . . inform whether immediate release would be consistent with [the § 3553(a) factors.").  Thompas also remains a danger to his community.  "[I]t is plainly far too soon to assess his rehabilitation and have any confidence that he will not offend again." (Gov't Resp. 8.)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.